William D. Gaddy, Administrator Arkansas Employment Security Division P.O. Box 2981 Little Rock, AR 72203-2981
Dear Mr. Gaddy:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act (FOIA), which is codified as A.C.A. § 25-19-101 et seq. (1987 Supp. 1989). You have asked, specifically, whether the FOIA inspection and copying provisions apply to certain documents pertaining to an agency employee who has recently received disciplinary suspension. You have also asked for guidance with regard to the disclosure of this employee's payroll and leave records, i.e., annual, sick, or leave without pay.
The legislature has recognized a balance between the public's right to know and the employee's right to privacy by enacting A.C.A. § 25-19-105(c), which states in pertinent part:
 [A]ll employee evaluation or job performance records, including preliminary notes and other materials, shall be open to public inspection only upon final administrative resolution of any suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate the employee and if there is a compelling public interest in their disclosure.
A.C.A. § 25-19-105(c)(1) (Supp. 1989).
This office has previously opined that an internal police department investigation of alleged sexual misconduct of certain officers constituted an evaluation or job performance record for purposes of this section of the FOIA. See Att'y Gen. Op. No. 89-073; see also Att'y Gen. Op. Nos. 89-036 and 88-162. It is my opinion that the Division's investigation report in this instance is, similarly , a "job performance record" under § 25-19-105(c)(1) (Supp. 1989). The FOIA thus, as a general matter, requires disclosure of the report if it formed a basis for the decision to suspend, if there has been a final administrative resolution of the suspension proceeding, and if there is a compelling public interest in disclosure.
A review of the records indicates that the report did, in fact, form a basis for the suspension decision. With regard to whether there has been a "final administrative resolution," this term has been construed to mean "the final decision making step taken by the employing entity. . . ." Watkins, The Arkansas Freedom of Information Act 93-94 (1988). If no review is sought within the agency, the initial decision is "final" for purposes of this provision. Id.
The existence of a compelling public interest in disclosure must be determined on a case by case basis. As a general matter, however, legislative intent is that public disclosure is favored and nondisclosure is the exception. See generally Laman v. McCord, 245 Ark. 401, 432 S.W.2d 753 (1968). It is my opinion that the balance must tip in favor of disclosure in this instance where an official in a management position is suspended for sexually harassing a worker, in violation of agency disciplinary rules.
Having determined that the investigation report is, generally, suspect to disclosure under the FOIA, reference must then be made to the confidentiality provisions contained in the Arkansas Employment Security Law. A.C.A. § 11-10-101
et seq. Section 11-10-314 states in part that except as otherwise provided in that section[1],"information obtained by the director from any employing unit or individual pursuant to the administration of this law . . . shall be held confidential and shall be protected by government privilege." A.C.A. § 11-10-314(a)(1) (Supp. 1989). A review of subsection (a)(2) reflects legislative intent that an individual's or employing unit's identity not be revealed.
While it might be initially contended that in its broadest sense, the information contained in the investigation report in this instance was obtained "pursuant to the administration of this law," a review of the remaining provisions of § 11-10-314, and the Employment Security Law as a whole, supports the conclusion that this confidentiality requirement is focused upon information pertaining to an application for employment services or a claim for benefits. See A.C.A.11-10-314(b)(2), (e)(1), (e)5), (f)(1), (i)(1) (Supp. 1989). I do not believe that information obtained in an investigation of an employee's job performance is encompassed within this nondisclosure provision, except to the extent that it would disclose the name, address, or employment status of an applicant, claimant, or recipient of benefits, the identity of an employing unit, or other matters related to a claim or application. This conclusion is further bolstered by the fact that provisions exempting certain information from disclosure are to be narrowly construed. See Laman v. McCord, supra. And it is significant to note that only certain agencies have access to such names and addresses. See, e.g., A.C.A. § 11-10-314(c)(2) (Supp. 1989) (the director may furnish name, address, ordinary occupation, and employment status of benefit recipients to any United States agency charged with the administration of public works or public employment assistance.)
It is therefore my opinion that the name of an applicant or claimant, including any Job Training Partnership Act participant (see A.C.A. § 11-10-314(h) (Supp. 1989)), or employing unit, must be excised from the records in this instance, together with information that may reveal the identity of the individual or employing unit, or information pertaining to an application for services, claim for benefits, or one's employment status.
With regard to payroll records, this office has stated that such records are generally subject to inspection and copying under the FOIA. See Att'y Gen. Op. No. 88-224. As to leave records, it is my opinion that such records are, as a general matter, public records which are open to inspection and copying under the FOIA. It must be noted, however, that any medical records which are part of a request for leave, (this would most likely occur in the context of sick leave), should be removed prior to release of the leave record. Medical records are specifically exempted from disclosure. A.C.A. § 25-19-105(b)(2) (Supp. 1989).
Information which would constitute a "clearly unwarranted invasion of personal privacy" must also be removed. A.C.A. § 25-19-105(b)(10) (Supp. 1989). Leave records should, in my opinion, be considered personnel records, thus triggering this exception. This determination must be made on a case by case basis. As a general rule, however, to be exempt the information must be of an intimate nature or contain some fact about an individual's private life that would not otherwise be made public except by the individual. See Att'y Gen. Op. Nos. 88-147, 87-108, and 87-115. Please note that I have enclosed a copy of Opinion Number 88-068, which sets forth some of the specific types of information which has been deemed exempt from disclosure through interpretation. Please note that social security numbers should be excised.
We hope that the foregoing offers sufficient guidance in addressing the particular records in question.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely, MARY B. STALLCUP Attorney General
MBS:arb
[1] Section 11-10-314 permits the disclosure of information to, inter alia, any state or federal agency charged with the administration of an unemployment compensation law. A.C.A. § 11-10-314(c)(1) (Supp. 1989). The specific provisions of this section should be referenced with regard to the several agencies, officers, or employees who may have access to various types of information obtained in connection with the administration of the act.